IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal No. 8-411 |
| | ) | |
| TERRANCE CLARK, | ) | Judge Cathy Bissoon |
| | ) | |
| Defendant. | ) | |

**ORDER**

Defendant's Motion (Doc. 2984) for reduction of sentence will be denied.

To the extent Defendant premises his Motion on COVID-19 related health concerns, as the Court previously has explained he is "not entitled to the relief he seeks because he does not present a medical condition that places him at an enhanced risk during the pandemic." Order (Doc. 2970) at 1 n.1. Similarly, the Court already has rejected Defendant's arguments based on Amendment 782, twice. *See id.* ("Amendment 782 does not have the effect of lowering the guideline range for Defendant."). And it does so, again, a third time. *See* United States v. Henderson, 858 F. App'x 466, 469 (3d Cir. 2021) ("A previously rejected claim of sentencing error could never qualify as an 'extraordinary and compelling reason' for compassionate release.").

Next, Defendant's assertion that the Court miscalculated his Criminal History Score not only is meritless, *see* United States v. Marrone, 48 F.3d 735, 738–39 (3d. Cir. 1995) (holding that RICO predicate acts can be used to compute criminal history score), but it also is not cognizable under § 3582(c)(1)(A). *See* United States v. Holmes, No. 22-1772, 2022 WL 3657180, at *2 (3d Cir. Aug. 25, 2022) ("To the extent that [Defendant] argues that he is entitled to compassionate release because of alleged sentencing errors, he essentially presents another challenge to the validity of his sentence[], and such challenges are typically brought under 28

U.S.C. § 2255 instead."). Finally, the Court also agrees with the government that Defendant's claim concerning the computation of time credit by the BOP is not a proper basis for compassionate release. *See* Resp. (Doc. 2989) at 7 (citing decisions).

And even if Defendant had established compelling and extraordinary grounds for compassionate release (he has not), the relevant § 3553 factors do not warrant release.[1]

For all of these reasons, Defendant's Motion (**Doc. 2984**) is **DENIED**.

IT IS SO ORDERED.

May 18, 2023                                s/Cathy Bissoon
                                            Cathy Bissoon
                                            United States District Judge

cc (via ECF email notification):

All Counsel of Record

Service via First-Class, U.S. Mail:
Terrance Clark
Reg. No. 09842-068
FCI McDowell[2]
P.O. Box 1009
Welch, WV 24801

---

[1] Defendant only has served approximately 154 months of his 238-month sentence. In imposing sentence, the Court considered his *extensive* criminal history, the serious nature of his offenses, and the needs for just punishment, deterrence and rehabilitation. Those considerations remain salient, and they are not outweighed by the risks associated with Defendant remaining incarcerated.

[2] Because the BOP Inmate Locator reflects that Defendant currently is being housed at FCI McDowell the Court will send a copy of this Order to that facility. But Defendant is reminded that it remains his responsibility to update his record address by sending an appropriate notice to the Clerk of Court.